Mr. James A. Buttry, Attorney at Law Friday, Eldredge Clark 2000 Regions Center 400 West Capitol Avenue Little Rock, AR 72201-3493
Dear Mr. Buttry:
You have requested approval, pursuant to the Interlocal Cooperation Act, A.C.A. § 25-20-101 et seq., of a document captioned "Amended and Restated White River Hydroelectric Project Power Purchase and Sale Agreement (With Interlocal Cooperation Agreement)," which contains a proposed interlocal agreement between the City of Clarksville, Arkansas, and Independence County, Arkansas, pursuant to which the city would agree to buy electricity produced at various facilities owned by the county. You are seeking approval of this proposed agreement pursuant to A.C.A. §25-20-104(f), which provides that I must approve any interlocal agreement to undertake a joint enterprise between or among "public agencies."
I am struck by the liberality of the legislature's statement of purpose in the Interlocal Cooperation Act:
 It is the purpose of this chapter to permit local governmental units to make the most efficient use of their powers by enabling them to cooperate with other localities on a basis of mutual advantage and thereby to provide services and facilities in a manner and pursuant to forms of governmental organization that will accord best with geographic, economic, population, and other factors influencing the needs and development of local communities.
A.C.A. § 25-20-102. In my opinion, this statute reflects an intention to expedite precisely the sort of agreement at issue in your request, whereby a county would provide power to a city.
Having opined that the parties are duly situated to enter into an interlocal agreement, I must next determine whether the proposed agreement in fact involves a joint undertaking of the sort that requires my approval, as opposed to a straightforward purchase contract of the sort the parties might enter into without my approval. See A.C.A. §25-20-108. The agreement would essentially commit the city to buy electricity from the county's planned facilities at specified rates from the time of the facilities' completion until January 31, 2036. It provides that certain of the city's payments will accrue in a Reserve Fund, the corpus of which is to be used for debt service depreciation, the payment of operating expenses, the discharge of various costs incurred in periodically relicensing the facility and the discharge of "Benefit Payments" as defined in the instrument. The proposed agreement further provides that once the Reserve Fund attains assets of $2 million, the Authority's annual contribution will be suspended and it will additionally be entitled to recover ½ of the fund's annual earnings. The city would further agree to cooperate with the county in seeking FERC license renewals.
I believe the arrangement described in the preceding paragraph qualifies as a joint enterprise, as opposed to a simple sales contract. Insofar as the city would have obligations beyond merely buying electricity and might realize revenues from reserve fund earnings, the agreement has features that resemble those of a joint venture or partnership. Accordingly, I agree that the proposed agreement is subject to my approval pursuant to A.C.A. § 25-20-104(f).
The Interlocal Cooperation Act requires that interlocal agreements for joint or cooperative action specify the following items:
(1) The duration of the agreement;
(2) The purposes of the agreement;
 (3) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget for it;
 (4) The methods of accomplishing termination of the agreement and for the disposal of property, if any, upon termination;
(5) Any other necessary and proper matters.
A.C.A. § 25-20-104(c).
In addition, if the interlocal agreement does not establish a separate legal entity to conduct the joint or cooperative undertaking, it must specify the following items:
 (1) The provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking;
 (2) The manner of acquiring, holding, and disposing of real and personal property, if any, used in the joint or cooperative undertaking.
A.C.A. § 25-20-104(d).
Having reviewed the proposed agreement, I conclude that it meets all of the requirements set forth above. Accordingly, I hereby approve the agreement as submitted.
Finally, I should note that in approving the proposed agreement, I am taking no position on the following issues: (1) whether the county is properly licensed by the Federal Energy Regulatory Commission ("FERC") to operate the facilities; and (2) whether the proposed agreement complies with the FERC license and/or federal or state law regulating the sale of electricity.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh